Jimmy-Sharod Tate
Jaleceya Tate

Name 1001 Kamokila Blvd, Ste 115

Address ~~Kapolei, Hi 96707~~

Kapolei, Hi 96707
City, State, Zip

678-927-4710/808-990-4639
Phone

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 29 2024  RM

at 2 o'clock and 07 min. P M
Lucy H. Carrillo, Clerk

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF HAWAII

Jimmy-Sharod Tate
and Jaleceya Tate and on behalf
of our four minor children                    )
                                               )
                                               )  Civil Case Number(s) 24-CV-00465-DKW-RT
                                               )
Plaintiffs' Name(s)                            )
                                               )
        vs.                                    )
                                               )
Calvin McCoy Jr et al.                         )
                                               )
                                               )
                                               )
Defendants' Name(s)                            )

---

Motion for Temporary Restraining Order

Jaleceya, Tate
Jimmy-Sharod Tate
Print Name

[signature]
Signature

10-29-2024

10-29-2024
Date

# MOTION FOR TEMPORARY RESTRAINING ORDER (TRO)

COME NOW, the Plaintiffs, Jimmy-Sharod Tate, Jaleceya Tate, and their four minor children, representing themselves pro se, and respectfully move this Honorable Court for the issuance of a Temporary Restraining Order (TRO) under Rule 65(b) of the Federal Rules of Civil Procedure, to prevent further irreparable harm. In support of this Motion, we state the following:

## I. Introduction and Background:

1. We are seeking urgent relief to protect our family from the immediate and irreparable harm inflicted by the Defendants. The Defendants have engaged in a campaign of harassment, defamation, and privacy invasion, including the repeated leaking of our home addresses and sensitive information from a Sexual Assault (SA) kit. These actions have placed our children in constant fear for their safety.
   **Precedent**:
   - **Doe v. Mills**, 212 Mich. App. 73 (1995) (leakage of sensitive information can constitute irreparable harm, justifying emergency relief).
2. The Defendants' retaliatory actions amount to intentional infliction of emotional distress and invasion of privacy. These intentional torts have caused not only financial ruin but also severe emotional damage to our children, who have been forced to relocate multiple times due to the Defendants' actions.
   **Precedent**:
   - **Hustler Magazine, Inc. v. Falwell**, 485 U.S. 46 (1988) (recognizing intentional infliction of emotional distress claims based on outrageous conduct).

## II. Legal Standard for TRO:

To obtain a TRO, we must demonstrate that **immediate and irreparable injury** will occur without the Court's intervention:

1. **Likelihood of Success on the Merits**:
   We have strong evidence, including financial records, audio recordings, and witness testimony, demonstrating that the Defendants engaged in fraudulent and retaliatory conduct. This evidence supports claims for fraud, defamation, civil conspiracy, and emotional distress.
   **Precedent**:
   - Restatement (Second) of Torts § 46 (defining intentional infliction of emotional distress and the necessary elements for a claim).

3. **Children's Safety and Privacy:**
   The Defendants have shown a reckless disregard for the safety of our children, leaking our home addresses and forcing us to uproot our lives multiple times. This violates basic principles of privacy rights and family integrity, placing our children in an unsafe and unpredictable environment.
   **Precedent:**
   - Miller v. Brooks, 123 N.C. App. 20 (1996) (recognizing the right to be free from invasion of privacy within one's home, especially where children are involved).

4. **Public Interest:**
   The public interest is served by protecting families from the kind of systematic fraud and invasion of privacy perpetrated by the Defendants. The Defendants' misuse of non-profits and shell companies not only harms our family but also undermines public trust in charitable organizations and legitimate business practices.
   **Precedent:**
   - In re Caremark International Inc. Derivative Litigation, 698 A.2d 959 (Del. Ch. 1996) (emphasizing the need for public trust in corporate governance and the potential for liability when that trust is breached).

## III. Legal Basis for Expedited Consideration:

Under Rule 16 of the Federal Rules of Civil Procedure, this Court has the discretion to expedite proceedings where there is a substantial risk of irreparable harm. The ongoing invasion of privacy and emotional distress suffered by our children constitutes such irreparable harm. Each passing day exposes them to further damage, and immediate action is required to protect their well-being.

**Precedent:**

- Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008) (irreparable injury and balance of hardships are critical factors in obtaining injunctive relief).

## IV. Relief Requested:

We respectfully request that this Court:

1. Set an expedited schedule for all pre-trial matters, including discovery, motions, and hearings.
2. Schedule an early trial date to bring this matter to a prompt resolution.
3. Grant any other relief the Court deems just and proper.

**Dated**: 10-29-2024

Respectfully submitted,

**Jimmy-Sharod Tate**

**Jaleceya Tate**

Honolulu, Hawaii
Phone: 808-990-4639
Email: jaleceya@gmail.com