Jaleceya Tate
Jimmy Tate
Name
1001 Kamokila Blvd Ste 115
Address
Kapolei Hawaii 96707
City, State, Zip
808-990-4639
Phone

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 29 2024
at 2 o'clock and 07 min. P M
Lucy H. Carrillo, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

Jaleceya Tate;
Jimmy-Sharod Tate
and on behalf of their four minor children
Plaintiffs' Name(s)

vs.

Calvin McCoy JR. et al
Defendants' Name(s)

Civil Case Number(s)
24-CV-00465-DKW-RT

Motion to Expedite Proceedings

Jaleceya Tate
Print Name
Jimmy-Sharod Tate

Signature (Jaleceya Tate)

10/29/24
Date

# UNITED STATES FEDERAL DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

**Plaintiffs**:
**Jimmy-Sharod Tate**, individually and as head of the Tate family
**Jaleceya Tate**
**Minor Child 1**, a minor, by and through their parents, **Jimmy-Sharod Tate** and **Jaleceya Tate**
**Minor Child 2**, a minor, by and through their parents, **Jimmy-Sharod Tate** and **Jaleceya Tate**
**Minor Child 3**, a minor, by and through their parents, **Jimmy-Sharod Tate** and **Jaleceya Tate**
**Minor Child 4**, a minor, by and through their parents, **Jimmy-Sharod Tate** and **Jaleceya Tate**

**v.**

**Defendants**:
CALVIN McCoy Jr. et al.

Case No. 24-CV-00465-DKW-RT

# MOTION TO EXPEDITE PROCEEDINGS

**COME NOW**, the Plaintiffs, **Jimmy-Sharod Tate**, **Jaleceya Tate**, and their four minor children, representing themselves **pro se**, and respectfully move this Honorable Court for an Order expediting the proceedings in this matter. In support of this Motion, we state the following:

## I. Introduction and Background:

1. We, Jimmy-Sharod Tate and Jaleceya Tate, and our four minor children, have been subjected to an ongoing and malicious campaign of harassment, defamation, and invasion of privacy by the Defendants. These actions constitute intentional torts of defamation, intentional infliction of emotional distress (IIED), and intrusion upon seclusion, which have caused devastating emotional, financial, and psychological harm

   to our family, particularly our minor children.
   Precedent:
   - Hustler Magazine, Inc. v. Falwell, 485 U.S. 46 (1988) (recognizing claims for intentional infliction of emotional distress based on outrageous conduct).
   - Restatement (Second) of Torts § 46 (elements of intentional infliction of emotional distress).
2. The Defendants, through a complex network of over 1,000 shell companies and non-profits, have launched retaliatory attacks against us for exposing their fraudulent activities, constituting fraudulent misrepresentation and civil conspiracy. Their actions have resulted in over $1.2 billion in lost business opportunities, as well as the repeated leaking of our home addresses and sensitive information from a Sexual Assault (SA) kit, putting our children at grave risk.
   Precedent:
   - W. Page Keeton et al., Prosser and Keeton on Torts, § 129 (5th ed. 1984) (discussing civil conspiracy and liability for torts committed in concert).

---

## II. Grounds for Expedited Proceedings:

1. **Ongoing Harm and Threats to the Children's Well-Being:**
   Our children have been forced to live in constant fear due to the repeated invasion of our privacy and the public exposure of our home addresses. The Defendants' actions amount to an invasion of privacy, a tort recognized in Prosser's Four Privacy Torts under intrusion upon seclusion. The repeated relocation has caused significant psychological harm to our children, who no longer feel safe in their home or community.
   Precedent:
   - Restatement (Second) of Torts § 652B (1977) (liability for intrusion upon the solitude or seclusion of another).
   - Sackett v. Santilli, 146 Wash. App. 425 (2008) (recognizing the tort of intrusion upon seclusion).
2. **Irreparable Financial and Emotional Damage**:
   The financial damage to our family's business is catastrophic and ongoing, but the emotional toll on our children—caused by the intentional infliction of emotional distress and invasion of privacy—cannot be remedied by monetary damages alone. Each day of delay deepens the trauma our children face, especially after the leak of sensitive information from the SA kit, which further violates their dignity and safety.
   Precedent:
   - Hill v. National Collegiate Athletic Assn., 7 Cal. 4th 1 (1994) (recognizing significant invasion of privacy can lead to irreparable harm, particularly when sensitive personal information is disclosed).
   - Doe v. Mills, 212 Mich. App. 73 (1995) (where disclosure of confidential information resulted in emotional and reputational harm).

2. **Irreparable Harm to Our Children**:
   The emotional harm to our children, stemming from the leak of the SA kit and the repeated exposure to danger, cannot be undone. Emotional distress and psychological trauma are forms of irreparable harm that warrant immediate court intervention.
   **Precedent**:
   - **Miller v. Brooks**, 123 N.C. App. 20 (1996) (emotional and psychological harm to children can constitute irreparable harm).
3. **Balance of Hardships**:
   The harm our family faces, particularly the mental and emotional damage to our children, far outweighs any inconvenience the Defendants may experience. The Defendants will suffer no legitimate hardship from being ordered to stop their unlawful actions.
4. **Public Interest**:
   The public interest is served by granting this TRO, as it will prevent further fraudulent conduct and protect innocent children from ongoing emotional and psychological harm.

## III. Relief Requested:

We respectfully request that this Court:

1. **Issue a Temporary Restraining Order** immediately, prohibiting the Defendants from further harassment, defamation, and invasion of privacy.
2. **Schedule a hearing** for a preliminary injunction to extend the terms of the TRO.
3. Grant any other relief the Court deems just and proper.

Dated: 10-29-2024

Respectfully submitted,

_____

**Jimmy-Sharod Tate**

_____

**Jaleceya Tate**

Honolulu, Hawaii
Phone: 808-990-4639
Email: jaleceya@gmail.com