IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JIMMY TATE, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>CALVIN MCCOY JR., *et al.*,<br><br>        Defendants. | Case No. 24-cv-00465-DKW-RT<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFFS' MOTION TO FILE LATE OPPOSITION** [1] |

On August 18, 2025, Defendants Kimberly and Henry Davies ("the Davies") filed a motion to dismiss *pro se* Plaintiffs Jimmy and Jaleceya Tate's ("Plaintiffs") Amended Complaint for lack of jurisdiction, improper venue, and insufficient service. Dkt. No. 31. On September 9, 2025, Defendants Calvin McCoy Jr. and Flossie McCoy-Perry ("the McCoys") filed a substantially similar motion [2] to dismiss on the same grounds. Dkt. No. 46. Plaintiffs oppose the McCoys' motion to dismiss, Dkt. No. 49, and move for leave to file a late opposition to the Davies'

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] The Davies and McCoys are represented by the same counsel but filed separate motions to dismiss. Dkt. Nos. 28, 45. This order will refer to the Davies and McCoys separately only as needed, and otherwise will refer to them collectively as the "Moving Defendants." This order does not pertain to the non-Moving Defendants in this action, who have not yet appeared.

motion to dismiss, Dkt. No. 48. Moving Defendants oppose the motion for leave to file late. Dkt. No. 52.

Having reviewed the Amended Complaint and the parties' briefs, the Court agrees that Plaintiffs allege no actions, events, or contacts involving the State of Hawaiʻi. Accordingly, the motions to dismiss are GRANTED for lack of personal jurisdiction. Plaintiffs' motion to file a late opposition is DENIED.

## BACKGROUND

Plaintiffs allege that they were members of Hope for Tomorrow Deliverance Center, a charitable organization organized by the McCoys. Dkt. No. 25 at 3. As members, Plaintiffs donated over $30,000 to the Center. *Id*. Plaintiffs claim that Defendants, acting through "fraudulent shell companies," misappropriated donations and unlawfully exploited Plaintiffs' personal information to secure "millions in fraudulent PPP loans." *Id*. Defendants further "engaged in a campaign of intimidation" to silence Plaintiffs, causing physical and emotional harm, legal harassment, and financial loss. *Id*.

Plaintiffs are domiciled in Honolulu, Hawaiʻi.[3] *Id*. Plaintiffs claim in their Amended Complaint that venue is proper in this Court because Defendants "purposefully directed their conduct at this forum," without elaboration. *Id*. The

---

[3]It appears that since the filing of the Amended Complaint, Plaintiffs relocated to McDonough, Georgia. *See* Dkt. No. 56 at 1.

Amended Complaint does not address Defendants' domiciles or where the alleged underlying conduct took place.

On August 18, 2025, the Davies filed a motion to dismiss for lack of jurisdiction and improper venue, which they served on Plaintiffs via mail. Dkt. No. 31. The Davies' argue that jurisdiction is lacking and venue is improper because they are residents of Georgia, have no connections to Hawai'i, and the conduct underlying Plaintiffs' Amended Complaint took place in Georgia. Dkt. Nos. 31-1 at 3-9, 31-1 ¶¶ 4-13, 31-2 ¶¶ 4-13. They further argue that Plaintiffs failed to properly serve the Amended Complaint on all Defendants. Dkt. No. 31-1 at 9. On August 19, 2025, the Court ordered a non-hearing briefing schedule for the motion to dismiss in accordance with Local Rule 7.2. Dkt. No. 40. Accordingly, Plaintiffs had until September 4, 2025 to file an opposition to the Davies' motion to dismiss. Fed. R. Civ. P. 6(d). Plaintiffs, however, did not do so.

On September 9, 2025, the McCoys filed a motion to dismiss on the same jurisdictional and venue grounds as the Davies: the McCoys had no connection to Hawai'i, and the purported conduct took place in Georgia. Dkt. Nos. 46-1 at 2-10, 46-2 ¶¶ 4-17, 46-3 ¶¶ 4-14.

Plaintiffs[4] oppose the McCoys' motion to dismiss, claiming that the Court has jurisdiction because the McCoys "created and registered entities in Hawaii," without elaboration, and are represented by Hawaiʻi-based counsel. Dkt. No. 49 at 1-2. Moving Defendants replied that Plaintiffs failed to detail any connections between Hawaiʻi and the Moving Defendants. Dkt. No. 54.

On September 12, 2025—8 days after the expiration of the relevant deadline—Plaintiffs filed a motion seeking the Court's leave to file a late opposition to the Davies' motion to dismiss pursuant to Fed.R.Civ.P. 6(b)(1)(B). Dkt. No. 48. Plaintiffs' proposed opposition to the Davies' motion is identical to their previously-filed opposition to the McCoys' motion. Dkt. No. 48-1. Moving Defendants oppose, arguing that Plaintiffs have not demonstrated the excusable neglect necessary for an extension of time. Dkt. No. 52. Plaintiffs replied, repeating their claim that unspecified "health and financial challenges" constituted excusable neglect. Dkt. No. 53.

---

[4] The opposition states that "Plaintiffs" present the arguments therein but is signed only by Jimmy Tate. Neither the opposition brief nor the accompanying declaration mention Jaleceya Tate. Dkt. Nos. 49, 49-1. The Court notes that its order granting Plaintiffs' ECF filing privileges explicitly states that Jimmy Tate may not file documents on Jaleceya's behalf. Dkt. No. 43. It is therefore unclear if Jaleceya Tate joins in opposition to the motions to dismiss. For the sake of convenience—and because the Court grants the motions to dismiss regardless—the Court will refer to the arguments contained in the oppositions as those of "Plaintiffs," rather than merely Jimmy Tate.

4

Finally, Plaintiffs filed a supplemental declaration of Jimmy Tate, in which he states that he was a resident of Hawaiʻi "at all times relevant to Defendants' racketeering and defamatory conduct" and that the McCoys "caused false and defamatory material to be published online" in a magazine article written during the Plaintiffs' residency in Hawaiʻi.[5]  Dkt. No. 56.

## DISCUSSION

The Moving Defendants argue that the Amended Complaint should be dismissed because (1) the Court lacks personal jurisdiction over the Moving Defendants; (2) venue is improper; and (3) Plaintiffs failed to properly serve all Defendants.  As discussed below, the Court agrees that there is no evident personal jurisdiction over the Moving Defendants.  The motion to dismiss is therefore GRANTED on that basis alone.[6]

### I.    Personal Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal due to a lack of personal jurisdiction.  When a defendant does so, "the plaintiff bears the burden of establishing that jurisdiction is proper." *Mavrix Photo,*

---

[5] Plaintiffs attached a copy of the allegedly defamatory article which, notably, describes Plaintiffs and Moving Defendants as domiciled in Georgia at its time of writing in February 2024.  Dkt. No. 56-1.

[6] Because the Court grants the motion to dismiss on jurisdictional grounds, it declines to address the Moving Defendants' other arguments for dismissal.

*Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). As in this case, when an evidentiary hearing is not held, while the plaintiff cannot rest on the allegations of its complaint, uncontroverted allegations may be taken as true. *Id*. Further, a court cannot take as true allegations that are contradicted by affidavit, but factual disputes are to be resolved in the plaintiff's favor. *Id.*

Personal jurisdiction encompasses two distinct concepts: (1) general personal jurisdiction; and (2) specific personal jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S.Ct. 1773, 1779–80 (2017). At the motion to dismiss stage, plaintiffs are required only to make out a *prima facie* showing of personal jurisdiction. *See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1119 (9th Cir. 2002). Nevertheless, mere "bare bones" assertions of minimum contacts with the forum or legal conclusions without specific factual allegations will fail to meet this burden. *See Alperin v. Vatican Bank,* 410 F.3d 532, 539 n.1 (9th Cir. 2005).

Because Plaintiffs are proceeding *pro se*, the Court liberally construes their filings, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), and, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action," *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

6

A court may, however, deny leave to amend due to undue delay, failure to cure deficiencies by amendments previously allowed, or where further amendment would be futile. *E.g., Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### i.     General Personal Jurisdiction

The "paradigm" forums for the exercise of general personal jurisdiction over a corporation are its place of incorporation and principal place of business, while, for an individual, it is the person's domicile. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). The purpose of the inquiry is to determine whether a defendant is "'essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear*, 564 U.S. at 919).

Here, the Amended Complaint does not address the domicile of any Defendants,[7] nor does it allege that any Defendants were essentially at home in Hawaiʻi. Dkt. No. 25. On the contrary, the Moving Defendants state that they are not, and have never been, domiciled in Hawaiʻi. Dkt. Nos. 31-1 ¶¶ 4-13, 31-2 ¶¶ 4-13, 46-2 ¶¶ 4-17, 46-3 ¶¶ 4-14. Plaintiffs claim that Moving Defendants "created and registered entities in Hawaii," but fail to provide any detail as to what those

---

[7]Because it is the domicile of a *defendant* that matters, Plaintiffs' assertions that they were residents of Hawaiʻi at all relevant times is inconsequential to the personal jurisdiction analysis. *See, e.g., Walden v. Fiore*, 571 U.S. 277, 283–84 (2014).

alleged entities are or how they relate to this action. Dkt. No. 49 at 1-2. These bare assertions fail to provide any basis for personal jurisdiction. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (holding that "conclusory allegations" about defendants' alleged contacts with forum state "are insufficient to establish a prima facie showing of personal jurisdiction"); *NuCal Foods, Inc. v. Quality Egg LLC*, 887 F. Supp. 2d 977, 988 (E.D. Cal. 2012) (holding that although "the court reviews motions to dismiss for lack of personal jurisdiction in the light most favorable to the non-moving party," the court "need not consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction"). Plaintiffs therefore fail to carry their burden of establishing general personal jurisdiction.

### ii. Specific Personal Jurisdiction

Specific jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation" and exists when "the defendant's suit-related conduct [creates] a substantial connection with the forum State." *Walden,* 571 U.S. at 283–84 (2014) (internal quotation marks and citations omitted); *see also Shabanets v. ZF TRW Auto. Holdings Corp.*, No. SACV 20-02182 (CJC) (DFMx), 2020 WL 10934650, at *1 (C.D. Cal. Dec. 8, 2020) ("[S]pecific jurisdiction arises when a defendant's contacts with the forum state give rise to the claim in question."). For a court to exercise specific jurisdiction, the defendant "must purposefully direct his

activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself" of the forum. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Group*, 905 F.3d 597, 603 (9th Cir. 2018). Additionally, "the claim must be one which arises out of or relates to the defendant's forum-related activities[.]" *Id.* Finally, "the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable." *Id.*

Here, Plaintiffs fail to allege any Hawaiʻi-related activities by the Moving Defendants. First, as mentioned (*see* fn. 7, *supra*), although Plaintiffs repeatedly claim personal jurisdiction due to their residence in Hawaiʻi, their activities are irrelevant to the question of whether the *Moving Defendants* have sufficient contacts with the forum. *Walden*, 571 U.S. at 284 (holding, for the purposes of finding specific personal jurisdiction, the relationship between defendant and the forum "must arise out of contacts that the defendant *himself* creates with the forum State" (internal quotation marks omitted)). Second, Plaintiffs' argue that the Moving Defendants' choice to defend this case with local Hawaiʻi counsel establishes local contacts. Dkt. No. 49 at 1-2. It does not: the Moving Defendants did not choose Hawaiʻi as a forum, but rather hired local counsel solely to defend against Plaintiffs' lawsuit. *See Goodwin Procter, LLP v. Gibson*, No. 12-CV-02167 (NC), 2012 WL 12921028, at *6 (N.D. Cal. July 23, 2012) (holding that because

9

"defendants did not choose California as the forum . . . it cannot be said that defendants chose to conduct activities in California by hiring local counsel to defend themselves"). It would not comport with notions of fair play to drag the Moving Defendants into a forum state with which they have no connections merely because they hired counsel in response to a lawsuit they did not initiate.

Finally, Plaintiffs assert that the Moving Defendants made defamatory statements towards Plaintiffs in an article published while Plaintiffs were residents of Hawaiʻi. Dkt. No. 56. But the analysis for specific personal jurisdiction "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. In other words, even if Plaintiffs were Hawaiʻi residents at the time the allegedly defamatory article was published, this still would not establish the *Moving Defendants'* contacts with the state.

Accordingly, because Plaintiffs fail to allege facts necessary to establish either general or specific personal jurisdiction, the motions to dismiss are GRANTED. Dismissal, however, is without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction should be without prejudice so that a plaintiff may reassert his claims in a competent court."); *Fiorani v. Berenzweig*, 441 F.App'x 540, 541 (9th Cir. July 6,

2011) (stating that a dismissal for lack of personal jurisdiction should be *without* prejudice).

## II. Motion for Leave to File Late Opposition

Plaintiffs move for leave to file a late opposition to the Davies' motion to dismiss. Dkt. No. 48. Because Plaintiffs have not shown that their failure to comply with the September 4, 2025 deadline was justified by "excusable neglect", Plaintiffs' motion is DENIED.

Rule 6(b)(1) of the Federal Rules of Civil Procedure governs deadline extensions. That provision states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> >
> > (B) on *motion made after the time has expired* if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1) (emphasis added). Because Plaintiffs filed their motion after the September 4, 2025 deadline, they must show that their failure to act was due to "excusable neglect".

"To determine whether neglect is excusable, a court must consider four factors: '(1) the danger of prejudice to the opposing party; (2) the length of the delay

11

and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (quoting *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220, 1223–24 (9th Cir. 2000)); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).[8]

Upon review of these factors, the Court concludes that Plaintiffs' neglect is not excusable. The only explanation Plaintiffs offer for their tardy submission is "serious health and financial hardship circumstances." Dkt. No. 48 at 1. While these reasons *could* provide the justification Plaintiffs need, they do not here, unaccompanied by further explanation or evidence. Moreover, they are contradicted by Plaintiffs' litigation conduct in other cases in the same time frame. On August 14, 2025, only 4 days before the Davies' filed and served their motion to dismiss, Plaintiffs filed two *pro se* complaints in the District of Hawai'i. *See Tate et al. v. Capital Plus Financial, LLC et al.* ("*Tate 2*"), No. 25-CV-00349 (LEK)(KJM), Dkt. No. 1; *Tate et al. v. Grady Memorial Hospital et al.* ("*Tate 3*"), No. 25-CV-00350 (DKW)(RT), Dkt. No. 1. On August 27, during the period between service of the

---

[8]Rule 6(b) is to be "liberally construed" in accordance with Fed.R.Civ.P. 1 "to effectuate the general purpose of seeing that cases are tried on the merits . . . and to secure the just, speedy, and inexpensive determination of every action and proceeding." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (citations and internal quotation marks omitted). It is within the sound discretion of the district court to grant or deny an extension of time. *See id.*

12

motion to dismiss and the deadline to file an opposition, Plaintiffs filed requests for e-filing privileges in the same cases. *See Tate 2*, Dkt. No. 6; *Tate 3*, Dkt. No. 6. And on September 8, 2025, a mere 4 days after the deadline had passed, Plaintiffs filed motions for *in forma pauperis* status in one of these cases. *See Tate 3*, Dkt. Nos. 10 and 11. That Plaintiffs could submit timely filings in these other cases, in spite of their unspecified financial or health difficulties, strongly suggests that said difficulties were no barrier to timely filing here. Finally, there is nothing in the record indicating whether Plaintiffs acted in good faith, except that their failure to timely file, despite having done so in other cases, suggests that their stated excuse is not credible.

Accordingly, because Plaintiffs' neglect is not excusable, their motion for leave to file a late opposition is DENIED.[9]

### III. Leave to Amend

Generally, when the Court grants a motion to dismiss, "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); *see* Fed. R. Civ. P. 15(a). Indeed, the Ninth

---

[9]The Court notes that even if the Court considered the late-filed opposition, it offers nothing to refute the basis of the Davies' motion to dismiss—namely lack of jurisdiction. The arguments Plaintiffs advance are either conclusory, irrelevant to the question of jurisdiction, or identical to those contained in Plaintiffs' opposition to the McCoys' motion to dismiss (which the Court considered and rejected). *See* Dkt. No. 48-1.

Circuit has made clear that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and quotation marks omitted). "[T]he rule favoring liberality in amendments to pleadings is particularly important for the *pro se* litigant." *Id.* at 1131 (citation and internal quotation marks omitted).

Here, although Plaintiffs' Amended Complaint and opposition briefs fail to provide any basis for personal jurisdiction over the Moving Defendants, it is possible that Plaintiffs could cure this deficiency with more detailed pleadings, including facts not thus far disclosed. Accordingly, the Court grants Plaintiffs leave to amend. *See Abuhindi v. Turkish Airlines*, No. 22-CV-34 (DKW)(KJM), 2022 WL 1444514, at *3 (D. Haw. May 6, 2022) (allowing leave to amend where complaint was dismissed for lack of personal jurisdiction because it was "not impossible for [plaintiff] to correct this deficiency" via amended pleadings). Should Plaintiffs choose to file an amended complaint, they must include short, plain statements identifying the basis for this Court to exercise personal jurisdiction over each Defendant, considering the guidance provided above.

Plaintiffs may have until November 3, 2025 to file an amended complaint, to the extent allowed herein and consistent with a litigant's ethical obligations under

Fed.R.Civ.P. 11(b). The Court cautions Plaintiffs that failure to file a timely amended complaint will result in the dismissal of the Moving Defendants from this action without further notice.

## CONCLUSION

For the reasons stated, the Moving Defendants' motions to dismiss, Dkt. Nos. 31 and 46, are GRANTED with leave to amend. Plaintiffs' Motion for Leave to File Late Opposition, Dkt. No. 48, is DENIED.

IT IS SO ORDERED.

Dated: October 2, 2025 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

Jimmy Tate, *et al* vs. Calvin McCoy Jr., *et al*; Civil No. 24-00465 DKW-RT;
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION TO FILE LATE OPPOSITION**