# MINUTES

| | |
|---|---|
| CASE NUMBER: | 1:24-cv-00465-DKW-RT |
| CASE NAME: | Jimmy Tate, et al. v. Calvin McCoy, Jr., et al. |
| ATTYS FOR PLTS: | Jimmy Tate (*Pro Se*)<br>Jaleceya Tate (*Pro Se*) |
| ATTY FOR DEFTS: | Kerry S. Culpepper |

| | | | |
|---|---|---|---|
| JUDGE: | Rom Trader | REPORTER: | ZOOM |
| DATE: | 4/1/2026 | TIME: | 10:30 a.m. – 10:41 a.m. |

COURT ACTION: EP:    RULE 16 SCHEDULING CONFERENCE <u>NOT</u> had on 4/1/2026.

Pro se Plaintiffs Jimmy Tate and Jaleceya Tate ("Plaintiffs") failed to call to attend today's conference.

Court excuses previously dismissed Defendants Calvin McCoy, Jr., Henry Davies, Kimberly Davies and Flossie McCoy-Perry  ("Dismissed Defendants") from today's conference.  ECF No. 59.

The docket fails to reflect service of the [ECF [25]] *First Amended Complaint* ("FAC") on the eleven (11) *Remaining Defendants*, except possibly Defendant Travis Jennings. *See* ECF No. 37 (Defendant Jennings purportedly served 7/5/2025).

Other than the *Dismissed Defendants*, none of the *Remaining Defendants* have appeared, answered or filed a responsive motion.

The Court elects to proceed.

Given the foregoing, the Court **FINDS AND RECOMMENDS** that this matter be **DISMISSED WITHOUT PREJUDICE** based upon at least the following reasons:

1.  As for the *Dismissed Defendants*:

    a.  Pursuant to [ECF [59]] *Order Granting Defendants' Motion to Dismiss and Denying Plaintiffs' Motion to File Late Opposition* ("Order"), filed on 10/2/2025, Plaintiffs were permitted until 11/3/2025 to file an amended complaint.  ECF No. 59 at PageID.572-573.  The *Order* specifically cautioned "Plaintiffs that failure to file a timely amended complaint will

result in the dismissal of the [Dismissed] Defendants from this action without further notice."  *Id*. at PageID.573-574.

b. Court finds that Plaintiffs **failed to file an amended complaint** concerning the *Dismissed Defendants*.

c. Court recommends the district judge dismiss *Dismissed Defendants* from this action.

2. <u>As for the *Remaining Defendants*</u>:

a. Plaintiffs **failed to appear for court proceedings** scheduled for 5/7/2025 and today (4/1/2026).  Plaintiffs provide no good cause to excuse their non-appearance.

b. Despite sixteen (16) months since Plaintiffs filed the [ECF [1]] *Complaint* on 10/28/2024 and ten (10) months since filing the [ECF [25]] *FAC* on 5/21/2025, Plaintiffs **failed to timely and properly serve the *Remaining Defendants*** as required by Rule 4, *Federal Rules of Civil Procedure* ("FRCP").  Pursuant to FRCP 4(m), service must occur within 90 days after the *Complaint* is filed.  To date, Plaintiffs have failed do so and the *Remaining Defendants* have not been served.

c. While Plaintiffs purportedly served Defendant Travis Jennings with the *FAC* on 7/5/2025 in Snellville, Georgia, during the nine (9) months since then, they have **taken no action concerning this Defendant**.  ECF No. 37.

d. During the pendency of this case, Plaintiff Jimmy Tate **failed to notify the Court of a change of address until 5/21/2025** and only after correspondence sent to his address of record had been returned as "undeliverable" on several occasions in violation of LR83.1(e).  ECF Nos. 15, 16, 18, 20 & 22.

e. The Court finds Plaintiffs have **failed to be diligent in prosecuting this action.**

f. As a result of Plaintiff's failure to appear and/or lack of diligence, this Court has been **required to reschedule several Court proceedings.**  ECF Nos. 17, 19, 21, 27 & 63.

g. **During the last six (6) months, since 9/26/2025, Plaintiffs have filed no documents in this case and have taken no action concerning this case**.  *See* ECF No. 58.

h. During the pendency of this case, Plaintiff have **failed to follow court rules** applicable to all parties.

The Court has the "inherent power" to dismiss a case pursuant to FRCP 41(b), where a plaintiff has failed to prosecute or comply with a court order.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962); *Hells Canyon Pres. Council v. U.S. Forest Service*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that a district court may involuntarily dismiss a case sua sponte pursuant to FRCP 41(b)).  Courts traditionally have been afforded wide discretion in determining whether to dismiss a case or claims pursuant to FRCP 41(b). *Anderson v. Air W.*, Inc., 542 F.2d 522, 524 (9th Cir. 1976).

In evaluating whether to dismiss an action for failure to prosecute or failure to comply with a Court order pursuant to FRCP 41(b), the Court must weigh five factors:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to defendants;
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic sanctions.

*Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

As to the **first factor**, because of Plaintiffs' numerous failures to diligently prosecute this action and comply with basic court rules, the public's interest in resolving this case in an expeditious and cost-effective manner has been negatively impacted.  After having initiated this action sixteen (16) months ago, and filing the *FAC* ten (10) months ago, Plaintiffs still have not served the *FAC* on the *Remaining Defendants*.  Without service, the case is effectively "dead in the water."  Thus, this factor weighs in favor of dismissal.

As to the **second factor**, because of Plaintiffs' failure to appear for at least two (2) court proceedings, failure to serve the *FAC* and failure to update Plaintiff Jimmy Tate's mailing address, this has interfered with the Court's ability to manage its calendar and control the docket.  Having to schedule and then unnecessarily reschedule proceedings because Plaintiffs have not met their basic litigation obligations places an unreasonable administrative burden on the Court.  It is "incumbent" upon courts to manage their dockets "without being subject to routine noncompliance" by litigants.  *Pagtalunan v. Galaza*, 291 F.3d at 639, 642.  Dismissal of the *Complaint* pursuant to FRCP 41(b) is necessary in order for the Court to manage its docket.  *Hunter v. Sandoval*, No. 2:17-CV-09257 CJC-SHK, 2018 WL 6570870, *2 (C.D. Cal. Dec. 12, 2018).  This factor favors dismissal.

As to the **third factor**, by failing to serve the *Remaining Defendants*, Plaintiffs have effectively denied these defendants prompt notice of Plaintiffs' claims and a reasonable opportunity to be heard.  Here, sixteen (16) months have elapsed since this action was commenced, yet the vast majority of defendants being sued by Plaintiffs are likely unaware of this action, much less have had an opportunity to defend against Plaintiffs' claims.  Delay in serving a complaint is a particularly serious failure to prosecute under Rule 41(b) because it affects defendants' ability to prepare their defenses.  *Anderson v. Air West, Inc.*, 542 F.2d 522, 525 (9th Cir. 1976). "Unreasonable delay is the foundation upon which a court may presume prejudice."  *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000).  Here, there is a significant risk of prejudice to the *Remaining Defendants*, which thus supports dismissal.

As to the **fourth factor**, the Court recognizes the strong public interest in having cases resolved on the merits.  This factor necessarily cuts against dismissal.

Finally, as to the **fifth factor**, given the clear pattern of Plaintiffs' failure to comply with court rules, court orders and basic litigation obligations -- such as timely serving defendants, appearing for court proceedings as required, maintaining a correct mailing

address and otherwise diligently prosecuting their claims -- the Court finds that no other less drastic alternatives to dismissal would be effective.  Since Plaintiffs have taken absolutely no action on this case for at least the last six (6) months, the Court finds that they have apparently lost interest and have abandoned their claims.  Given this, this factor weighs heavily in favor of dismissal.

Based upon the foregoing, this Court **FINDS AND RECOMMENDS** that the district court **DISMISS** this entire action without prejudice.

No further conferences will be scheduled pending the district judge's review of the instant Findings and Recommendations.

*Submitted by: Renee L.F. Honda, Courtroom Manager*